[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Motion for Summary Judgment [155]
Plaintiff claims the defendant, a towing operator, took possession of plaintiff's automobile in March 1995. Plaintiff had been arrested in December 1994. At that time the State Police took possession of plaintiff's automobile and stored it in the impoundment yard at the Westbrook barracks of the State Police. At the request of the State Police defendant had towed plaintiff's car to the Westbrook barracks.
In March 1995, the State Police released plaintiff's car from impoundment and requested defendant to remove the car from the State Police property. The defendant towed the car from the Westbrook barracks to it's facility in Rockfall, CT.
According to plaintiff, his vehicle was a 1988 Ford Taurus, registration No. 885-JK5." Amended Complaint, September 25, 2001, ¶ 1. [150] Defendant[1] took possession of plaintiff's vehicle on March 22, 1995 and thereafter kept it at defendant's Rockfall place of business. Id., ¶ 4. Defendant did not notify plaintiff that defendant had taken possession of the vehicle. Id., ¶ 5.
On August 24, 1995, defendant "sold/auctioned Plaintiff's vehicle. . . ." Id., ¶ 6.
Defendant did not notify plaintiff of the impending sale/auction. Id., ¶ 7.
For this action, "Plaintiff's legal bases [Sic.] rests on Connecticut General Statute § 14-150 (g) and applicable subsections." Id., ¶ 8. CT Page 4202
In 1995, C.G.S. § 14-150 (g) read as follows:
"The owner or keeper of any garage or other place where such motor vehicle is stored shall have a lien upon the same for his storage charges. Unless title has already vested in the municipality pursuant to subsection (d), if the current market value of such motor vehicle as determined in good faith by such owner or keeper does not exceed five hundred dollars and such motor vehicle has been stored for a period of not less than fifteen days, such owner or keeper may, unless an application filed by the owner pursuant to subsection (d) of this section is pending and the owner of such motor vehicle has notified such owner or keeper that such application for hearing has been filed, sell the same for storage and towing charges owed thereon, provided a notice of intent to sell shall be sent to the commissioner and the owner of such motor vehicle, if known, five days before the sale of such vehicle. If the current market value of such motor vehicle as determined in good faith by such owner or keeper exceeds five hundred dollars and if such motor vehicle has been so stored for a period of ninety days, such owner or keeper shall, unless an application filed by the owner pursuant to subsection (d) of this section is pending and the owner of such motor vehicle has notified such owner or keeper that such application for hearing has been filed, sell the same at public auction for cash, at his place of business, and apply the avails of such sale toward the payment of his charges and the payment of any debt or obligation incurred by the officer who placed the same in storage, provided such sale shall be advertised in a newspaper published or having a circulation in the town where such garage or other place is located three times, commencing at least five days before such sale; and, if the last place of abode of the owner of such motor vehicle is known to or may be ascertained by such garage owner or keeper by the exercise of reasonable diligence, notice of the time and place of sale shall be given him by mailing such notice to him in a registered or certified letter, postage paid, at such last usual place of abode, at least five days before the time of sale. C.G.S. (Rev. 1993) § 14-150
(g). CT Page 4203
Defendant answered the Amended Complaint. Defendant admitted that "on March 22, 1995 . . . [it] towed a Ford Taurus from a police impound area to its place of business."
Answer of the Defendant, Henderson Auto Body, October 8, 2001, ¶ 4. [151] Defendant also admitted it transferred a Ford Taurus to Statewide Recovery on August 24, 1995. Id., ¶¶ 6-7. Defendant says it did not have sufficient knowledge or information regarding the ownership of the vehicle implying that is why it did not give notice to plaintiff. Id., ¶¶ 5-8.
Defendant also plead a special defense based on a statute of limitations, namely C.G.S. § 52-584. Defendant alleged it had been served with the original process on September 21, 1998. Id., p. 2, ¶ 2.
Plaintiff replied to the statute of limitations special defense alleging "Plaintiff generally denies said defense and the date mentioned therein, and leaves Defendant to his proof." Plaintiffs Reply To Special Defense, October 18, 2001. [156]
Defendant has now moved for summary judgment based on a statute limitations. Plaintiff's[2] Motion for Summary Judgment, October 22, 2001. [155] In its motion and the accompanying memorandum in support, defendant relies on §§ 52-577 and 52-584.
These statutes provide as follows:
 "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." C.G.S. § 52-577.
"No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed." CT Page 4204 C.G.S. § 52-584.
Defendant in his pleading only relied upon § 52-584. In his motion for summary judgment and supporting memorandum, defendant also relies on § section 52-577.[3] It's not entirely clear which statute applies to plaintiff's action. Perhaps both apply. Plaintiff's action does not appear to be an action for "injury to . . . personal property . . . caused by negligence, or by reckless or wanton misconduct. . . ." Yet, it may be. In the court's view, 52-584 is not applicable. In the court's view, § 52-577 is the statute of limitations for a § 14-150 (g) action.
The distinction is probably unimportant. The operative language in both statutes is the same, i.e., "no action . . . shall be brought but within three years from the date of the act or omission complained of."
Critical are the dates defendant "sold/auctioned" plaintiff's vehicle and the date this action commenced, i.e., the date defendant was served with the original process in this action.
Plaintiff has alleged "Defendant's sold/auctioned Plaintiff's [Sic.] vehicle" "on August 24, 1995." Amended Complaint, September 25, 2001, ¶ 6. [150] Defendant admits it transferred the Ford Taurus on that date. Answer of the Defendant, Henderson Auto Body, October 8 2001, ¶ 6. [151] There is no genuine issue as to the August 24, 1995 date.
In its Answer and Special Defense, defendant alleges it was served with the original process in this action on September 21, 1998.
Defendant relies on the deputy sheriff's return of service to establish the date when this action was commenced by service of process on the defendant. Return of Service, September 21, 1998. That return states defendant was served with the original process in this action on September 21, 1998. Plaintiff has not filed anything cognizable in this summary judgment proceeding which creates a genuine issue on the date of service.
The court finds there is no genuine issue as to the date defendant was served with the original process in this action. It was on September 21, 1998.
The court finds the act or omission complained of, defendant's selling and/or auctioning the Ford Taurus without prior notice to plaintiff, occurred on August 24, 1995.
September 21, 1998, the date the original process was served on CT Page 4205 defendant, is more than three years after the cause of action arose.
The court finds this action is barred by a statute of limitations, C.G.S. § 52-577 and/or C.G.S. § 52-584.
Plaintiff, in his several filings opposing summary judgment [158, 159, 160] makes some claim that he could not bring this action sooner[4]
because defendant had fraudulently concealed the cause of action-from plaintiff. This is at least a tacit admission by plaintiff that process was served on defendant more than three years after defendant sold the vehicle. However, plaintiff's complaint makes no mention of concealment, fraudulent concealment, or conduct of that sort. Nor does the complaint mention the fraudulent concealment statute, C.G.S. § 52-595. See Practice Book 10-3, fn. 3, above. It does state when plaintiff discovered his alleged cause of action. Certainly he had discovered it by May 18, 1998, the date of his original complaint in this action. An action for fraudulent concealment is new cause of action and would not relate to the original filing and service of process. All in all plaintiff's arguments and contentions regarding fraudulent concealment are of no help.
The entry of summary judgment, as is the entry of any judgment, is confined to the issues fairly raised in the pleadings. Practice Book ¶ 17-49.[5]
Concealment, fraudulent concealment, etc., have not been raised in any pleading. Not having been raised in the pleadings, it cannot avail plaintiff here.
Summary judgment shall enter for the defendants and against the plaintiff.
_____________________ Parker, J.
C: HendersonvHendersonAuto